OPINION
{¶ 1} Appellant Glenn R. Parker appeals a judgment of the Muskingum County Common Pleas Court, Domestic Relations Division, finding him in contempt of court for failing to pay appellee Judith Ann Parker her portion of his monthly retirement benefit arising from the State Teacher Retirement System (STRS), for five years of service credit he purchased after termination of the marriage:
 {¶ 2} "WHETHER THE COURT ERRED AND ABUSED IT'S DISCRETION TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT-APPELLANT, GLENN RICHARD PARKER, IN GRANTING PLAINTIFF-APPELLEE PROPERTY RIGHTS IN THE ADDITIONAL CREDITS DEFENDANT-APPELLANT PURCHASED IN HIS STATE TEACHERS RETIREMENT SYSTEM ACCOUNT, AFTER THE PARTIES WERE DIVORCED."
 {¶ 3} On July 14, 1997, the Muskingum County Common Pleas Court entered final judgment terminating the parties' marriage, and dividing the parties' assets and liabilities, including appellant's interest in STRS. The divorce decree incorporated the separation agreement of the parties concerning division of property. The language in the agreement, incorporated into the decree, stated that appellee shall receive an amount equal to thirty-two percent of the marital portion of appellant's accrued benefit under his retirement plan as of appellant's benefit commencement date. The decree also stated that for purposes of calculating appellee's benefits, appellant's accrued benefit in the associated numerator and denominator of the coverture fraction shall include, as applicable, any service credits earned, or purchased under the plan or another retirement system.
 {¶ 4} During the marriage, appellant and appellee had withdrawn four years of service credit. In June of 2000, appellant purchased an additional five years of credit at a cost of $24,998.75. Appellant financed this purchase by refinancing a piece of real property owned by his current wife.
 {¶ 5} Appellant retired from his teaching position in 2000. His benefit commencement date was July 1, 2000, and at that time he had service credit of thirty years, or three hundred sixty months. Attempts were made to negotiate the marital portion due appellee, but when negotiations failed, appellee filed a motion to hold appellant in contempt on October 18, 2000. Appellee alleged that appellant had not complied with the decree of divorce regarding the division of his pension.
 {¶ 6} The case proceeded to an evidentiary hearing before a magistrate. After hearing, the magistrate recommended that appellee was entitled to a portion of the pension arising from the additional service credits of five years purchased by appellant after the termination of the marriage. The magistrate found that appellant was in contempt, and deferred any decision as to the nature and the amount of the sanction to a subsequent hearing. No objections were filed to the decision of the magistrate, and it was adopted by the court on October 17, 2001.
 {¶ 7} Appellant filed a notice of appeal with this court on November 14, 2001. This appeal was dismissed on the basis that the October 17 entry was not a final appealable order, as it did not dispose of the issue of sanctions. On May 2, 2002, the Court of Common Pleas entered final judgment, as the parties reached a final agreement as to the issue of sanctions concerning the contempt.
 {¶ 8} As noted earlier, appellant failed to file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law of a magistrate unless the party has objected to that finding or conclusion pursuant to the rule.
 {¶ 9} As appellant failed to file objections to the decision of the magistrate, he may not now claim error on appeal.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} The judgment of the Muskingum County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to appellant.